E-FILED
Monday, 24 August, 2015 02:47:50 PM
Clerk, U.S. District Court, ILCD

# United States District Court

| CENTRAL | DISTRICT OF | ILLINOIS |

UNITED STATES OF AMERICA

v.

Arthur D. Wheeler III
606 Harberts, South Pekin, Illinois

CRIMINAL COMPLAINT

CASE NUMBER: 15-mj-6056

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 29, 2015 to June 1, 2015 in Tazewell County, in the Central District of Illinois, defendant(s) did, (Track Statutory Language of Offense)

knowingly distribute, and attempted to distribute by any means, a visual depiction using any means or facility of interstate commerce and in and affecting interstate commerce, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct (See Attached Pages for Counts 1-3)

in violation of 18 United States Code, Section(s) 2252(a)(2) & (b)(1).

I further state that I am a(n) Special Federal Officer of the United States Secret Service and that this complaint is based on the following facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof:  (Yes)   No

SFO Scott Gamboe, U.S. Secret Service
Name of Complainant                                  Signature of Complainant

Sworn to before me and subscribed in my presence,

5/24/2015                    at    Peoria, Illinois
Date                                City and State

Jonathan E. Hawley              s/Jonathan E. Hawley
United States Magistrate Judge
Name & Title of Judicial Officer    Signature of Judicial Officer

## COUNT ONE
(Distribution of Child Pornography)

On or about May 29, 2015, in Tazewell County, in the Central District of Illinois, the defendant, **ARTHUR D. WHEELER III**, did knowingly distribute, and attempted to distribute by any means, a visual depiction using any means or facility of interstate commerce and in and affecting interstate commerce, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct, that is: the defendant knowingly distributed and attempted to distribute numerous images of a minor, "EW", engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2) by sending the images to multiple recipients in a single message using the text function of a cellular phone.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## COUNT TWO
(Distribution of Child Pornography)

On or about June 1, 2015, in Tazewell County, in the Central District of Illinois, the defendant, **ARTHUR D. WHEELER III**, did knowingly distribute, and attempted to distribute by any means, a visual depiction using any means or facility of interstate commerce and in and affecting interstate commerce, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct, that is: the defendant knowingly distributed and attempted to distribute numerous images of a minor, "EW", engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2) by sending the images to multiple recipients in a single message using the text function of a cellular phone.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## COUNT THREE
(Distribution of Child Pornography)

On or about June 1, 2015, in Tazewell County, in the Central District of Illinois, the defendant, **ARTHUR D. WHEELER III**, did knowingly distribute, and attempted to distribute by any means, a visual depiction using any means or facility of interstate commerce and in and affecting interstate commerce, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct, that is: the defendant knowingly distributed and attempted to distribute numerous images of a minor, "EW", engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2) by sending the images to multiple recipients in a single message, separate and apart from the message alleged in Count 2, using the text function of a cellular phone.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Federal Officer Scott Gamboe, having been duly sworn, state:

1. I am a law enforcement officer of the Peoria County Sheriff's Department. My duties include the investigation of child exploitation and related offenses. I have received training in the area of computer-related crimes and child exploitation offenses. I have been involved with child exploitation cases and have become familiar with various investigative techniques, including vehicle and residential searches, executing arrest and search warrants, and undercover operations. I have received training in criminal investigations, computer crime investigations, and child pornography investigations. I am an EnCase certified forensic examiner. I am a Special Federal Officer under the sponsorship of the United States Secret Service, and I am a member of their internet crimes against children working group based at the Peoria, Illinois, USSS Office. As such, I am also a member of the United States Attorney's Office Central Illinois Cyber Crime Unit based in Peoria, Illinois. As part of this USSS group, I have conducted state and federal investigations involving computer crimes and child pornography resulting in arrests and seizures. I have been involved in the execution of numerous search warrants.

2. This affidavit is based on information I have gained from my investigation, as well as information provided by other law enforcement agents and others involved in this and other investigations. Because I am submitting this affidavit for the limited purpose of establishing probable cause for a criminal complaint charging Arthur D. WHEELER III ("WHEELER") with Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2), I have not included each and every fact known to me concerning this investigation.

3. Section 2252(a)(2) of Title 18 provides:

(a) Any person who —

(2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct…

shall be punished as provided in subsection (b) of this section.

2

## The Investigation

A. Background

4. In 2011, Arthur WHEELER made contact with a 13-year-old-female via Facebook. WHEELER lived in Tazewell County, and the female lived in Fulton County, both in Illinois. WHEELER drove to Fulton County. He met the girl and brought her back to Tazewell County, where they engaged in sexual conduct. On December 13, 2011, WHEELER was convicted in Fulton County case number 11-CF-186 for Traveling to Meet a Minor in violation of 720 ILCS 5/11-26(a), a Class 3 felony. The offense conduct consists of traveling within the State of Illinois for the purpose of engaging in the offense of Aggravated Criminal Sexual Abuse in violation of 720 ILCS 5/12-16(d) with a minor after using a device capable of electronic data transmission to seduce, solicit or lure the minor. He was sentenced to 42 months imprisonment and 1 year of supervised release. He is required to register as a sex offender pursuant to the sentencing order and Illinois law.

B. The Investigation

5. In May of 2015, I was contacted by Detective Jeff Stolz of Pekin PD and Agent Kerrie Englert of the Illinois State Police regarding new complaints against WHEELER. Agent Englert stated that in regards to her case against WHEELER, she spoke to JG, a 15-year-old female who lives in Astoria, IL. JG

said she met WHEELER on Facebook around the beginning of March of 2015. She told him she was 15, and he said he was 21. He requested that she send nude pictures of herself. She sent him five nude images, including pictures of her breasts and vagina. She sent them from friends' phones and immediately deleted the pictures. On five occasions, he sent her a picture of a nude penis, but she believed it was the same picture each time. Around March 22, 2015, JG and her stepfather rode with WHEELER to do a window cleaning job. They stopped at a gas station, and while her stepfather was pumping gas, WHEELER kissed JG and stuck his hand inside her pants, under her panties.

6. Detective Stolz received two complaints regarding WHEELER. Stolz spoke with MD, a 16-year-old female from Pekin, IL, and KK, a 17-year-old female from Manito, IL. Both complained of receiving a mass text message from WHEELER, containing nude images of a young female. The female in the pictures was identified as HV, a 15-year-old female from Pekin, IL. It was later determined that the images of this female were sent to 30 different cell phones. Stolz was able to download KK's cell phone, and he located the images she mentioned. Both females have stated that WHEELER is repeatedly contacting them via Facebook and asking to have sex with them.

7.     On Friday, June 5, 2015, WHEELER arrived at the Tazewell County Courthouse. He wanted to obtain an Order of Protection against the family of EW. EW is a 17-year-old female who lives in Brookfield, Missouri. According to WHEELER's sworn testimony before Judge Risinger, EW's family had threatened WHEELER because he had been in communication with EW. He stated that after they had been in contact for two weeks (May 10, 2015 – May 23, 2015), he asked for pictures of her, and she sent him nude pictures. Those pictures were sent five days after WHEELER learned her age. He stated that he "sent them back to her" and told her not to send any more nude images. However, he took the step of saving these images to the "camera" area of his phone, thereby preserving them in the phone's memory and preventing accidental deletion. It was later learned that WHEELER gained access to EW's Facebook profile and downloaded numerous nude images of EW, again after learning that she was 17. He showed the phone images to Judge Risinger. WHEELER allowed Detective Stolz to maintain custody of the phone. Stolz acquired a State Search Warrant for the data on the phone, but the limitations of the device prevented a successful download. However, the images are able to be viewed. In addition to images that look the same or substantially similar to the images received by KK (nude pictures of 15-year-old HV), there were multiple images of a nude vagina, but without the female's face.

C. Search Warrant And First Interview With Arthur WHEELER

8. On June 11, 2015, with US Secret Service Special Agent Vince Pescitelli and other law enforcement officers, I executed a search warrant on WHEELER's residence. Among the items seized were two computers and WHEELER's cell phone. We conducted an interview with WHEELER, who volunteered to take a polygraph examination. During the course of the interview and examination, WHEELER admitted to downloading numerous nude images of EW. He stated that he has retained these images, even though he is aware that she is 17 years old.

9. In the weeks following the search warrant and interview, I was contacted by HV, who stated that WHEELER continued putting her into Facebook "groups" such as "Add me naughty" and Pure adulthood". WHEELER's Facebook profile was deactivated by Facebook, for reasons unknown. Shortly before the deactivation, I observed a posting on his wall that appeared to be an adult pornographic video. His account has since become active again.

D. Examination of Wheeler's Devices

10. Officer Bill Linn of the Bloomington Police Department (also a Special Federal Officer with the Secret Service and a member of the working group) examined WHEELER's phone. Due to technical limitations, only images

6

could be downloaded. However, the messages could be reviewed manually. I examined the messages and found that on three occasions (once on May 29, 2015 and twice on June 1, 2015), WHEELER sent out five (5) nude images of EW. The images all fit the definition of sexually explicit conduct, as described in 18 U.S.C. § 2256. The recipients were all in the 660 area code. On each of the three occasions, WHEELER sent the five images to forty different recipients by typing in sequential phone numbers, such as 660-734-0000, 660-734-0001, 660-734-0002, and so on. All 120 numbers were in the 660 area code, which includes Brookfield, Missouri, where EW lives. On each occasion, he included EW's first name with the text. Each of the three mass distributions of EW's images occurred *after* WHEELER became aware that EW was a minor.

11.    Nine different recipients responded to his message. Three of the recipients asked for EW's last name, which WHEELER provided. One claimed to know her, and WHEELER asked that person for her phone number.

E.    **Examination of EW's Devices**

12.    Agents from the Kansas City office of the USSS obtained two cell phones and a tablet from EW, which SA Pescitelli brought to me. Under the authority of a search warrant, I examined these devices. On one of the cell phones, I located extensive text messaging between WHEELER and EW. I also located numerous nude female images. Some could be identified as EW, while

7

others were close-up pictures of the female genitals. In some of these cases, items in the pictures (such as bracelets) were the same as or substantially similar to such items in images depicting EW's face.

13. For every file, a "hash value" can be calculated. Changing even one byte in a given file, regardless of the file size, will change the hash value, but changing the name of the file will not. There are two separate hash values that are calculated: MD5 (Message Digest algorithm) and SHA1 (Secure Hash Algorithm). If two files have the same hash value, they are the same file. I created a hash library out of the images recovered from WHEELER's phone, and compared those images to those found on EW's phone. There were 19 images on her phone that matched both the MD5 and SHA1 values of files on WHEELER's phone. Of them, five images meet the criteria for sexually explicit conduct, as set out in 18 U.S.C. § 2256.

F. Interview With Victim EW

14. SA Pescitelli travelled to Brookfield, Missouri, where he spoke to EW. He showed her redacted copies of the images which had been recovered from her device. During the interview, she admitted to taking the pictures of herself. She said that she sent them to WHEELER only after he threatened her and her family. She also said that the images depicting a close-up view of female genitals were images of her.

8

G.  Second Interview With Arthur WHEELER

15.  On August 20, 2015, SA Pescitelli and I again interviewed WHEELER. During this interview, WHEELER was asked about the three mass text messages sent on May 29, 2015, and June 1, 2015 to area code 660. Although he first claimed that his phone sent the messages while he was sleeping on it, he later admitted to sending those five images to the 120 recipients. He claimed he was just sending them out to "random numbers," and that his phone is capable of sending a message to as many as forty people at a time.

## Conclusion

16. There is probable cause to charge Arthur D. WHEELER with distribution of child pornography. I respectfully request that this Court issue a criminal complaint charging WHEELER with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and also issue a warrant for WHEELER's arrest.

THERE ARE NO FURTHER STATEMENTS.

s/Scott Gamboe

Scott Gamboe, USSS Special Federal Officer

Subscribed and sworn to before me this
24th Day of August, 2015.

s/Jonathan E. Hawley

Jonathan E. Hawley
United States Magistrate Judge